UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-491-FDW

| | |
|---|---|
| WILLIE LEE MOBLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU WELLS, Superintendent, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 5), and on Petitioner's Motion to Amend/Correct the Petition for Writ of Habeas Corpus, (Doc. No. 13).

**I.     BACKGROUND**

Pro se Petitioner is a prisoner of the State of North Carolina, who, on June 3, 2011, in Mecklenburg County Superior Court, was convicted after trial by jury of breaking or entering a motor vehicle, misdemeanor possession of stolen property, misdemeanor larceny, and having attained habitual felon status, and was sentenced to a consolidated judgment of 90-117 months imprisonment, in cases 09 CRS 22504-06, and 11 CRS 3138. (Doc. No. 6-4 at 61-62). On August 21, 2012, in an unpublished opinion, the North Carolina Court of Appeals found no prejudicial error. State v. Mobley, 731 S.E.2d 276 (N.C. Ct. App. 2012). On December 12, 2012, the North Carolina Supreme Court denied Petitioner's petition for discretionary review. State v. Mobley, 366 N.C. 413, 735 S.E.2d 185 (2012). Petitioner was represented at trial by Lucky T. Osho and on appeal by M. Alexander Charns.

1

Petitioner filed a pro se motion for appropriate relief ("MAR") in Mecklenburg County Superior Court on March 28, 2013. (Doc. No. 6-10). On April 22, 2013, the MAR Court summarily denied the MAR. (Doc. No. 6-11). On July 15, 2013, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Doc. No. 6-12). On July 30, 2013, the state filed a response. (Doc. No. 6-13). On August 2, 2013, the North Carolina Court of Appeals denied certiorari. (Doc. No. 6-14). Petitioner placed the petition in the prison system for mailing on August 24, 2013, and it was stamp-filed in this Court on August 29, 2013.

On December 6, 2013, Respondent filed the pending motion for summary judgment. (Doc. No. 5). On December 13, 2013, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the summary judgment motion. (Doc. No. 7). On February 18, 2014, after receiving extensions of time, Petitioner filed a response to the summary judgment motion. (Doc. No. 12). Finally, on February 18, 2014, Petitioner filed a motion to amend/correct the petition, which Respondent opposes. (Doc. Nos. 13; 14). Petitioner brings the following grounds for relief in his § 2254 petition: (1) his prior record level was not supported by the evidence and he did not give counsel permission to stipulate to it; (2) the trial court erred by sentencing him to both possession and larceny of the same stolen goods; (3) his sentence of 90-117 months is grossly disproportionate to the offense and violates the Eighth Amendment; and (4) he received ineffective assistance of trial counsel based on counsel's failure to challenge Petitioner's conviction based on the alleged errors in Petitioner's first three grounds for relief.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

In addition, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 131 S.Ct. 1120, 1127 (2011) (internal quotations and citations omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id.

4

(citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. § 2254(b)(1)(A).

## III. DISCUSSION

### 1. Ground One

In his first ground for relief, Petitioner contends that his prior record level was not supported by the evidence and he did not give counsel permission to stipulate to it.[1] Petitioner does not assert this ground for relief as a federal constitutional claim, and it is well settled that errors of state law are not cognizable on federal habeas review.[2] Estelle v. McGuire, 502 U.S. 62, 67 (1991). Thus, this claim will be denied.

In sum, Ground One is denied.

### 2. Ground Two

In his second ground for relief, Petitioner contends that the trial court erred by sentencing

---

[1] Respondent notes in its brief supporting summary judgment that, under North Carolina law, a criminal defendant's prior convictions must be proved by, inter alia, a copy of his Division of Criminal Information ("DCI") records. N.C. GEN. STAT. § 15A-1340.14(f)(3). Here, the trial transcript shows that the prosecutor handed up to the trial judge, in open court, a copy of Petitioner's DCI report, listing his prior convictions. (Doc. No. 6-15 at 365-67). Respondent contends that the State, therefore, proved Petitioner's prior record level by a preponderance of the evidence, as the trial court found. (Id.).

[2] Petitioner raised the substance of this claim in terms of state law only in his MAR, and the MAR Court summarily denied the claim based on procedural bar and alternatively on the merits. Because Petitioner raised the claim in terms of state law, the Court does not engage in the analysis of whether the MAR Court's denial of the claim was contrary to or an unreasonable application of clearly established Supreme Court law.

him to both possession and larceny of the same stolen goods in violation of his due process rights. First, Petitioner did not raise this claim on direct appeal, even though he was in a position to have done so. See (Doc. Nos. 6-5, 6-7, 6-8). Instead, he raised it for the first time in his MAR, and the MAR Court summarily denied the claim based on procedural bar and alternatively on the merits. This ground for relief is, therefore, procedurally barred from federal habeas review.

In any event, as Respondent notes, Petitioner's second ground for relief is without merit because Petitioner would have received the same sentence regardless of the misdemeanor possession of stolen goods and misdemeanor larceny convictions. In other words, because Petitioner received a consolidated judgment and habitual felon sentence, his convictions for misdemeanor possession of stolen goods and misdemeanor larceny of stolen goods did not affect the length of his 90-117 month, consolidated, habitual felon sentence. (Doc. No. 6-4 at 57-58).

In sum, Ground Two is denied.

### 3. Ground Three

In his third ground for relief, Petitioner contends that his sentence of 90-117 months is grossly disproportionate to the offense and violates the Eighth Amendment. Petitioner did not raise this ground for relief on direct appeal even though he was in a position to have done so. Petitioner first raised the substance of his third ground for relief in his MAR, and the MAR summarily denied this claim based on procedural bar. Thus, this ground for relief is procedurally barred from federal habeas review. As to the MAR Court's alternative denial on the merits, the U.S. Supreme Court has consistently upheld the constitutional validity of enhanced sentences based on recidivism against ex post facto, due process, equal protection, and double jeopardy

6

challenges.  See e.g., Ewing v. California, 538 U.S. 11 (2003) (sentence of 25 years to life for theft of golf clubs under California's "three strikes" law upheld under Eighth Amendment); Lockyer v. Andrade, 538 U.S. 63 (2003) (two consecutive terms of 25 years to life for two counts of petty theft under California's "three strikes" law upheld; the gross disproportionality principle under Eighth Amendment reserved only for extraordinary cases); Harmelin v. Michigan, 501 U.S. 957 (1991) (mandatory life without parole for possessing more than 650 grams of cocaine does not violate Eighth Amendment); Spencer v. Texas, 385 U.S. 554, 560 (1967) (citing cases).  The MAR Court's alternative adjudication of Petitioner's claim on the merits was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court.  Nor was the state court adjudication based on an unreasonable determination of the facts, in light of the evidence presented in the state court proceedings.

In sum, Ground Three is denied.

**4.  Ground Four**

In Ground Four, Petitioner contends that he received ineffective assistance of trial counsel based on counsel's failure to raise the first three grounds for relief.  To establish an ineffective assistance of counsel claim, a defendant must demonstrate that (1) counsel's performance was deficient and (2) that he was prejudice thereby, normally proving that but for counsel's deficient performance, there was a reasonable probability of a different result. Strickland v. Washington, 466 U.S. 668, 686 (1984).  Petitioner raised the substance of his current ineffectiveness claim in his MAR, and the MAR Court summarily denied the MAR

alternatively on the merits.[3] The MAR Court's adjudication was neither contrary to nor an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. As the Court has discussed, Petitioner's claims all lack merit, and counsel was not required to raise futile claims on Petitioner's appeal. See Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010) ("Counsel is not required to engage in the filing of futile motions.").

In sum, Ground Four is denied.

## IV.    CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment on all of Petitioner's claims.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 5), is **GRANTED**, and the petition is **DENIED** and **DISMISSED**.

2. Petitioner's Motion to Amend/Correct Petition for Writ of Habeas Corpus, (Doc. No. 13), is **DENIED**.

3. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322,

---

[3] Moreover, Petitioner is also procedurally barred from bringing the current ineffective assistance of counsel claims. As Respondent notes, in North Carolina, ineffective assistance of counsel claims may be brought on direct appeal. See State v. Long, 354 N.C. 534, 539-40, 557 S.E.2d 89 (2001). Because Petitioner did not bring his current ineffective of assistance of counsel claims on direct appeal, they are procedurally barred in addition to lacking in merit.

338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 10, 2014

Frank D. Whitney
Chief United States District Judge